**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GUSTINE MOORE,

        Plaintiff,

vs.                                                                     Case No. 3:00-cv-571-J-32

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

## ORDER ON MOTION FOR 406(b) ATTORNEY'S FEES

This case is before the Court on plaintiff's Motion for Approval of Contingency Fee Contract and Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1). Doc. 35. The Commissioner filed a response in partial opposition (Doc. 36) and plaintiff filed his own affidavit in support of the motion (Doc. 37).

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal on July 11, 2001 (see Doc. 28, Final Order reversing and remanding case to Commissioner), received an award of Equal Access to Justice Act (EAJA) fees in the amount of $2,752.00 for his 19.50 hours of work in federal court on this case. See Doc. 33, Order on Application for Attorney's Fees (Pursuant to EAJA). Upon remand, and following more than eight additional years of review, the Commissioner issued a decision fully favorable to plaintiff.[1] The Commissioner ultimately determined plaintiff was entitled to $89,241.00 in past due social security disability benefits. Pursuant to 42 U.S.C. § 406, the Commissioner set

---

[1] The history of the review of plaintiff's application before the Commissioner following remand is not of record but is recounted in plaintiff's brief in support of his fee petition.

aside in escrow 25% of plaintiff's past due award ($22,310.25) for possible payment of attorney's fees.  A portion of that sum ($5,300.00) is reserved for payment of counsel's fee under 406(a) (the record does not reveal whether counsel has received that fee yet). Thus, the total amount counsel could be eligible to receive is $17,010.25, which sum represents the full 25% award of $22,310.25, less the award of $5,300.00 for his administrative work.[2]  Plaintiff's counsel is requesting a 406(b) award of $16,403.88 (an amount counsel adjusted downward to reflect a three month period of delay on his part while the case was in federal court).  This amount does not exceed the sum currently held in escrow for the possible payment of attorney's fees.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002) (citations omitted).  "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases.  Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the

---

[2]Because counsel for plaintiff has already received an EAJA fee of $2,752.00, this sum will be deducted from any final 406(b) sum awarded to plaintiff's counsel.

Court should turn in assessing the reasonableness of a fee. Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

Here, the Court has considered the parties' fee agreement, the character and quality of plaintiff's counsel representation, the result achieved for plaintiff, the affidavit filed in support of the fee by plaintiff himself, as well as the Commissioner's concerns as a "trustee" for plaintiff. The Court acknowledges the points raised by the Commissioner but finds that in this case, the parties' fee agreement and plaintiff's support of the award lead the Court to conclude that the fee requested by counsel is "reasonable for the services rendered." Id. at 807.

Plaintiff's counsel has already recovered an award of $2,752.00 in EAJA fees in this case. To prevent "double-dipping," plaintiff's counsel could refund the EAJA fees to plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from plaintiff's counsel's recovery of any escrowed sum. See Jackson v. Comm'r of Soc. Sec., ___ F.3d ___, 2010 WL 1254574 (11th Cir. Apr. 2, 2010). The Court finds it preferable to deduct the amount of EAJA fees from plaintiff's counsel's recovery of any escrowed sum so the Commissioner shall pay plaintiff's counsel $13,651.88, refunding the remainder of the escrowed sum to plaintiff himself.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion for Approval of Contingency Fee Contract and Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 35) is **GRANTED**. The Court finds that a reasonable *additional* attorney's fee for plaintiff's counsel, N. Albert Bacharach, Jr., for representation of plaintiff in this case is **$13,651.88**, which sum is in addition to the award of $5,300.00 for his work at the administrative level and the award of $2,752.00 for EAJA fees. **The Commissioner shall now pay N. Albert Bacharach, Jr., the sum of $13,651.88 from the past-due benefits being held in escrow in this case.** The Commissioner shall refund the remainder of the escrowed past-due benefits to plaintiff. The Clerk shall enter Judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of April, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

N. Albert Bacharach, Jr., Esq.
Susan Roark Waldron, Esq. (AUSA-Tampa)